# ROBERT J. ELLIOTT v. H. L. BARKER.[1]

November 6, 1914.

Nos. 18,883—(129).

Corporation.

Where a corporation takes a lease of premises and before the lease goes into effect the corporation is dissolved by judicial proceedings, it is bound by the lease and is liable for a breach of it, even if it does not take possession under the lease. In this case the lease and a prior lease constituted but one transaction. · [Reporter.]

In proceedings in the district court for Hennepin county for the dissolution of the Waterbury Implement Co., Robert J. Elliott filed a claim for $1,125 for rent. The allowance of the claim was objected to by H. L. Barker, receiver and trustee of that company. The matter was heard before Jelley, J., who made findings amending the claim, and ordered judgment in favor of claimant for the sum of $2,458.25. From the order allowing the claim, the trustee and receiver appealed. Affirmed.

*Herbert T. Park,* for appellant.
*William W. Bartlett,* for respondent.

PER CURIAM.

Appeal by the receiver from an order of the district court allowing the claims of the claimant.

On March 1, 1912, the claimant Elliott made two leases to the Waterbury Implement Co., one expiring on December 1, 1912, and the other, which included some property additional to that included in the first, commencing on that date at an increased rental. The company abandoned the premises in November, 1912. Rent was paid to the first of that month. On December 6, 1912, the company was dissolved by judicial proceedings and a trustee appointed. Upon its dissolution Elliott was entitled to damages in some amount. The propriety of the measure adopted by the court is not drawn in question.

The trustee claims that nothing can be allowed because of the breach of the lease which was to commence December 1, 1912, for the reason that possession was not taken under it. Clearly this is wrong. The company was bound by the second lease and liable for a breach of it. Besides the two leases constituted but one transaction.

1 Reported in 149 N. W. 1070.

It is a further contention of the trustee that there was a constructive eviction and that the claimant took possession of the property and occupied and used it during the period for which he seeks rent. We have carefully examined the record bearing on these questions. They were for the trial court. They do not require review nor discussion.

Order affirmed.